# IN THE CIRCUIT COURT OF SHELBY COUNTY FOR THE THIRTIETH JUDICIAL DISTIRCT AT MEMPHIS

**RODNEY V JOHNSON**
*Plaintiff*

**Vs.**

**KUEHNE & NAGEL INC.et al,** )
**AGENTS FOR KUEHNE & NAGEL INC. et.al.** )
)
*Defendants* ) Case no. <u>CT-001370-11</u>
) Jury Demanded
**TRAVELERS PROPERTY CASUALTY** )
**COMPANY of AMERICA et. al.** )
(Individually and Official Capacity) )
**JEFF SHAW** )
(Individually and Official Capacity) )
**JEFF WERNER** )
(Individually and Official Capacity) )
**JAMES BOLTON** )
(Individually and Official Capacity) )
**CYNTHIA HARRIS** )
(Individually and Official Capacity) )
*Defendants* )

---

## COMPLAINT

---

Plaintiff Rodney V Johnson hereby complains against the Defendants in this cause of action to vindicate violations of the Plaintiff's Civil Rights protected by Federal and State laws to redress the unlawful and discriminatory conduct as stated and alleged.   This action arises out of the illegal Tortious Interference of employment and wrongful discharge of the Plaintiff on May 11, 2010 collectively.  This Complaint is subject to amending upon completion of the timely filed E.E.O.C charge and investigations.  The Plaintiff alleges, inter alia, that he was terminated from his employment based, in whole an in part as stated:

1.   Former employer Kuehne and Nagel et al, Kuehne and Nagel's Agents (CT Corporations) and Travelers P.C.C. Amer.et. al. Human Resource Manager Jeff Werner,

1



Inventory Manager Jeff Shaw, James Bolton and Cynthia Harris Inventory Analyst, (Hereinafter as Defendants) at all relevant times were third parties, in their personal and individual capacity for engaging in intentional illegal misconduct and discrimination resulting in the Wrongful termination in Violation of Public Policy, Defamation, Equal Pay, Negligent Retention and Supervision, Retaliation, Tortious Interference with employment relations and Business Relationships, Harassment in creation of a Hostile work environment and their personal participation, whole and in parts, that lead to the Plaintiffs termination of employment on May 11, 2010.

2.   The Plaintiff seeks both Injunctive and Monetary reliefs to include from the Preponderance of evidence for compensatory damages, Clear and convincing evidence for punitive damages and Clear and convincing evidence for treble damages, back pay, front pay since reinstatement is not available from all parties and their contributions to the violations. This includes all costs, disbursements, pre-judgment interest, expert witness fees and reasonable fees allowed under this cause of action. Injunctive and Equitable reliefs to include all open medical coverage and rights to compensation for the Plaintiffs Workers Compensation injures sustained during employment, Plaintiffs out of pocket expenses in relations to the sustained injuries, pain and suffering and such further as is relief deemed just and proper.

## ADMINISTRATIVE PREREQUISITES

3.   The Plaintiff timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission Memphis TN District Office and which was jointly filed with the on Tennessee Human Rights Commission June 8, 2010 in which the investigation is still pending. The Plaintiff timely filed for assistance with the Tennessee Department of Labor Workers Compensation Division on May 13, 2010 and has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action and has obtain his Right to Sue pursuant to T.C.A §§50-6-203 (1996) and 50-6-240 (1992) satisfying the exhaustion of the Benefits Review Conference Process. No administrative prerequisites are required before a Plaintiff files a complaint pursuant to 29 U.S.C. et seq. , 42 U.S.C. §§1981-1996 et seq. Public Health and Welfare,

2

Civil Rights, Violations of Title II of The Genetic Information Nondiscrimination Act of 2008 and the common law of the State of Tennessee.

4. The Plaintiff contacted and advised Defendant Kuehne and Nagel (K & N), Werner and Defendant Shaw on November 13, 2010 that they maybe and will be parties to this lawsuit.

5. This complaint is subject to amendment jointly or severally Pursuant to Rule 15 of the Federal Rules of Civil Procedures and pending the Equal Employment Opportunity Commissions investigation against the named Defendant (Kuehne and Nagel) pursuant to Title VII of the Civil Rights Act, Equal Employment Pay Act, ADAAA, ADEA, Retaliation and other pending violations as determined by the EEOC against the Defendant K and N et.al filed May 12, 2010 with the Memphis District Office.

6. The Plaintiff has been cooperative and in compliance with all pending Equal Employment Opportunity Commissions administrative prerequisites to the actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. §1981; 42 U.S.C. § 1981a -1992 and the common law of the State of Tennessee.

7. The Plaintiff has attached and filed an Affidavit in Support of Motion under 28 U.S.C. § 1915 for an Application to Proceed Authorization to Commence this Suit without Prepayment of Filing Fee.

## VENUE AND JURISDICTION

8. This is, in part, an action authorized and instituted pursuant to 29 U.S.C. et seq. 29 U.S.C. §§651-678 Occupational Safety and Health Act of 1970 et seq. and 42 U.S.C. §§1981-1996 et seq. Public Health and Welfare, Tortious Interference of Employment Relations and Business Relationships, Civil Rights Under the Law, Intentional Discrimination and Deprivation of Rights, The Workers Compensation Act and the Tennessee Workers Compensation Title 50 et seq. Rules and Statues, Title II of The Genetic Information Nondiscrimination Act of 2008 and the common law of the State of Tennessee.

3

9.  Jurisdiction and Venue are appropriate in this Shelby County Circuit Court as defined to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by Federal and State laws. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 relating to declaratory judgments.  This Court may also exercise pendent jurisdiction over Plaintiff's State law claims arising under the common law and statutes of the State of Tennessee and which arise from a common nucleus of operative facts. This Court may have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, against the third party Defendants, exclusive of interest and costs, and is between citizens of different States.

10. The Plaintiff has filed an Application to Proceed Authorization to commence this Suit without Prepayment of Filing Fee, pauper's oath on March 22, 2011.

11. This is, in part, an action authorized and instituted pursuant to 29 U.S.C. et seq., 29 U.S.C. §§651-678 Occupational Safety and Health Act of 1970 et seq., Tenn. Code Ann. § 28-3-105 Property tort actions and Statutory liabilities, 42 U.S.C. §§1981-1996 et seq. Public Health and Welfare, Civil Rights Under the Law, Intentional Discrimination and Deprivation of Rights, and the Common Law of the State of Tennessee.

12. Venue is proper in this Court whereas the Plaintiff resides in the State of Tennessee, all Defendants (K & N and Travelers) regularly and conduct business in the State of Tennessee and the third party Defendants, in association with their agents and employment, are business residence and residence of in the State of Tennessee.

## PARTIES

13. Rodney V Johnson (hereinafter as Plaintiff) is a 44 year old Dark Skinned African-American Male and a Citizen of the United States who has over 24 years of Logistics, inventory and distribution experience and at all relevant times, the Plaintiff was an employee of Kuehne and Nagel et. al. who is a resident of Memphis TN and a member of the Protected Class.

14. Kuehne and Nagel (hereinafter as Defendants K and N) is a Global 3rd party integrated solution Logistic Company founded in 1890 and has over 56,000 employees at 900

4

locations in more than 100 countries including Memphis TN.  C T Corporation is the registered Agents for Kuehne and Nagel whom also is located in the State of Tennessee.

15. Travelers Insurance Company (hereinafter as Defendants Travelers) specializing in insurance coverage and claim service who do business in the State of Tennessee and who's registered Agents is with the Department of Commerce and Insurance (Commissioner) of the State of Tennessee. At all relevant times Travelers were acting as the agents, insurers, servants and/or employees of Defendant K and N and until such time as Kuehne and Nagel et.al admits the Defendants were acting as third parties.

16. Defendant Jeff Werner (Caucasian Male) (hereinafter as Defendant Werner) is being sued individually as a third party and in his official capacity until such time as Kuehne and Nagel.et.al admits that at all relevant times, Defendant Werner was acting within the scope of his authority and employment.  This Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 against the third party Defendants exclusive of interest and costs.

17. Defendant Jeff Shaw (Light Skinned Male) (hereinafter as Defendant Shaw) is being sued individually as a third party and in his official capacity until such time as Kuehne and Nagel.et.al admits that at all relevant times, Defendant Shaw was acting within the scope of his authority and employment.  This Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 against the third party Defendants exclusive of interest and costs.

18. Defendant James Bolton is being sued individually as a third party and in his official capacity until such time as Kuehne and Nagel.et.al admits that at all relevant times, Defendant Bolton was acting within the scope of his authority and employment.  This Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 against the third party Defendants exclusive of interest and costs.

19. Defendant Cynthia Harris is being sued individually as a third party and in her official capacity until such time as Kuehne and Nagel.et.al admits that at all relevant times, Defendant Harris was acting within the scope of his authority and employment.  This Court shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000 against the third party Defendants exclusive of interest and costs.

20. Upon information and belief and at all relevant times, Defendant Werner and Defendant Shaw, Defendant Bolton, Defendant Harris and Defendant Traveler were acting as the agents, insurers, servants and/or employees of Defendant K and N and until such time as Kuehne and Nagel et.al admits the Defendants were acting as third parties. Defendant K and N is therefore liable for the acts and omissions of the individual Defendants pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

## FACTS

21. Tenn. Code Ann. § 28-3-105. Property tort actions Statutory liabilities states that the following actions shall be commenced within three (3) years from the accruing of the cause of action: (1) Actions for injuries to personal or real property; (2) Actions for the detention or conversion of personal property; and (3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.

22. The Tennessee Supreme Court decided a forerunner to modern interference cases in the context of at will employment, *Dukes v. Brotherhood of Painters, Decorators & Paperhangers of America, Local Union No. 437 191 Tenn. 495, 235 S.W.2d 7 (1950)*. In Dukes, a painter claimed that the local painters' union had procured the termination of his employment by telling his employer that he had been expelled from the union and that the union would go on strike if he was not fired. The Court quoted from other authorities which stated that even an at will employee has a *"property right"* in continued employment, and it determined that the painter had stated a recognizable cause of action. The Court also noted that to be actionable, the interfering conduct must be "without justifiable reasons," which calls into play the motive and means used to accomplish the interference.

23. Tennessee has long recognized a cause of action for intentional interference with employment relations, even when the employment is at will and not subject to a contract

for a definite term.  The essential elements of a claim for intentional interference with employment in Tennessee are "that the Defendant intentionally and without justification procured the discharge of the employee in question." *Ladd v. Roane Hosiery, Inc., 556 S.W.2d 758, 760 (Tenn. 1977)*.  A claim for intentional interference with employment "contemplates a three-party relationship the plaintiff as employee, the corporation as employer, and the defendants as procurers or inducers." *Nelson v. Martin, 958 S.W.2d 643, 647 (Tenn. 1997)*, overruled in part by *Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 702 (Tenn. 2002)*.

**CLAIM**

**I**

**Tortious Interference with the Plaintiffs Privilege of Employment Relations and Business Relationship, Libel, Slander and Defamation**

24. February 8, 2010, Plaintiff was employed and establishing a business relationship with Defendant Kuehne and Nagel during a start up project with their 3rd party clients Lexmark and Dell.  Defendant K and N were without any applicable Standard Operation Procedures and or implementation of department guidelines pertaining to Inventory Control.  The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 24.

25. Defendant Trane may only act through its agents and employees.

26. During the Plaintiffs employment with Defendant K and N, Inventory Manager (Defendant Shaw) while in the course of his employment, engaged in a pattern of Intentional Discrimination and Defamation from March 2010 to present have cause the Plaintiff severe emotional distress and post traumatic stress and violating the Plaintiffs Civil Rights.

27. Defendant Shaw engaged in a pattern of Illegal Conduct including Libel Defamation of Character from March 2010 to present.  This blacklisting had persuaded other Managers in other departments to decline a position of employment transfer to the Plaintiff.  This transfer was not afforded to the Plaintiff and depriving him of employment privileges.

28. From March 2010 to the Present the Defendant K and N, through its agents and employees, has engaged in a pattern of intentional discrimination by Defaming the Plaintiff by attacking his profession and qualifications to other coworkers and upper management regarding (1) the Plaintiffs (alleged) work assignments (2) the Plaintiffs ability to comprehend (3) the Plaintiffs (alleged) ability to complete tasks.  The Plaintiff had repeatedly requested training of Defendant Shaw that would be of satisfactory standards to Defendants Shaw and Defendant Shaw repeatedly declined.

29. Defendant K and N, through its agents and employees has repeatedly published these statements about the Plaintiff and were made negligently with a reckless disregard for their truth or accuracy.

30. The Defendant's false statements deprived the Plaintiff of employment privileges and business relations, social associations and intended to expose him to ridicule, slander, libel and the Defendants has intentionally subjected the Plaintiff to wrongful termination in violation of public policy on May 11, 2010.

31. Defendants James Bolton and Cynthia Harris both knew of the illegal conduct and assisted in the procurement of the Plaintiffs termination and employment relationship by shining false light to Defendant K and N, Shaw and Werner concerning the Plaintiffs job assignments after the Plaintiff had complained of Discrimination.

32. 42 U.S.C. § 1985 states that " If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

33. The Defendants has contributed to the interference with the Plaintiffs agreement and contract with Christopher A Jones and First Tennessee Bank pursuant to Tennessee Code Annotated 47-50-109. The Plaintiff and Christopher A Jones's agreement was that

Christopher A. Jones would refinance the Plaintiff home to prevent foreclosure and loss of the Plaintiffs property and that the Plaintiff maintained continued employment to reestablished his credit and maintain continued employment to regain full possession of his property and refinance the property in the Plaintiffs name.

34. The Defendants has interfered with the Plaintiffs relationship with Select Staffing Temporary Services.  Since the Plaintiffs privileges of employment have been terminated with Kuehne and Nagel, Select Staffing have not called or have offered available work for the Plaintiff.

35. This right exists independently of the Plaintiff right to recover against the other party (Defendants) for breach of the agreement.

36. Where a third party intentionally and unjustifiably interferes with that employment interest by procuring the plaintiff's termination, a cause of action will lie against the third party. *Baldwin v. Pirellie Armstrong Tire Corp., 3 S.W.3d 1, 6 (Tenn. Ct. App. 1999).* A corporation may only act through its agents and employees; consequently, a corporate director, officer or employee is not individually liable for tortious interference with a corporate contract, such as an at-will employment agreement, so long as he is acting in furtherance of the corporate interest.

37. The actions and illegal conduct of the named third party Defendants, in this case, does not further the interests of Defendant K and N et al. but the conduct were out of improper motives without privilege or legal justification and malice to further their own interest and to cause harm to the Plaintiff.

38. The Defendant's false statements were made with malice, without privilege and with the intent to injure the Plaintiff and because the above-named Defendants' conduct towards the Plaintiff was improperly motivated, and was intentional, willful and wanton, Mr. Johnson  is entitled to punitive/exemplary damages in addition to compensatory damages.

39. Defendants K an N and Werner through hostility, ill will, bad faith, spitefulness ratified all of the actions of the named third party Defendants.

40. Plaintiff was emotionally and physically damaged by Defendants repeated published false statements.

WHEFORE Plaintiff respectfully request judgment against the Defendants, jointly and severally in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM

## II

### Defendant Kuehne and Nagel et.al, Statutory Procurement of Breach of Contract and/or Promissory Estoppel

41.  Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs 1 through 41 of the Complaint as though set forth at length herein.

42.  Defendant K and N promulgated express and written statements of its Code of Conduct employment policies, practices and procedure which it provided and disseminated to all of its employees, including the Plaintiff.

43.  Defendant K and N has incorporated these policies to include a Non-Discrimination and Anti-Harassment Policy, a 3 Step Grievance Procedure, a Complaint Procedure, a Investigation process, a Responsive Actions process, a 3 Step Disciplinary/Corrective Action process for work performances, Accommodation Procedures for Americans with Disabilities, a Termination process and Reasonable Conduct Procedure.

44.  Defendant K and N represented, both orally and in writing, that it is the policy of Kuehne and Nagel to ensure Equal Employment Opportunity without discrimination or harassment on the basis of race, color, national origin, religion, sex, age, disability or any other characteristic protected by law.  Specifically, Defendant K and N promulgated a policy when employees who have experienced conduct they believe is contrary to their policy have an obligation to take advantage of this complaint procedure.  Further, an employee's failure to fulfill this obligation could affect his or her rights in pursuing legal action.

45.  Defendant K and N represented, both orally and in writing, that the Investigation Process states that any reported allegations of harassment, Discrimination or retaliation Will be investigated promptly, thoroughly and impartially.

10

46. Defendant K and N represented, both orally and in writing, that its section for <u>Responsive Actions and</u> Misconduct that constitutes harassment are discrimination or retaliation such as Training, referral to counseling, Monitoring of the offender and or disciplinary action such as warnings, reprimands, Withholding of a promotion or Pay Increase, Reduction of Wages, demotion, reassignment, temporary suspension without pay or Termination will be dealt with promptly and appropriately.

47. Defendant K and N further represented, promised and/or implied both orally and in writing that the Investigation may include individuals interviews with the Parties involved and, where necessary, with individuals who may have observed the alleged conduct or may have other relevant knowledge. Confidentially will be maintained throughout the investigation process to the extent, consistent with adequate investigation and appropriate corrective action.

48. Defendant K and N further represented, promised and/or implied both orally and in writing that its 3 (three) step <u>Discipline and Corrective Action</u> policy that consist of a Verbal Warning that's counseled by the Manager, a Written Warning if performance does not improve and a Final Warning if performance does not improve up to termination and that this policy is designed to encourage development by providing employees with guidance in areas that need improvement such as poor work performance, attendance problems, personal conduct, general compliance with Kuehne and Nagel's policies and procedures and or other disciplinary problems.

49. Defendant K and N further represented, promised and/or implied both orally and in writing that its 3 (three) step <u>Grievance procedure</u> is to be followed by employees when filing a complaint about any aspect of their <u>job assignments</u>, <u>compensation</u>, <u>benefits</u>, promotions and disciplinary actions. Further it states that this procedure is implemented to <u>resolve complaints</u> fairly and open the lines of communication <u>without interference from an outside party</u>, works best and prove to be most effect. Further it states that all complaints will be handled promptly and with discretion and that <u>the employee will not be penalized for their good faith use of these options.</u>

50. The customary pattern of Defendant K and N was to follow its express and implied employment policies and practices, including their Non-Discriminatory and Anti-

11

Harassment Policy and Retaliation, Grievance Procedure, Complaint Procedures, Americans with Disabilities Act Policy Statement and the Procedures for Requesting Accommodations.

51. Defendant K and N promulgated these policies and procedures, and made these representations, in such a manner as to manifest its willingness to enter into a bargain, duty and terms and conditions of employment with its employees, including the Plaintiff.

52. The Plaintiff assented to Defendant K and N offer regarding the employment policies and procedures by accepting employment and via oral representations in such a way as to conclude the bargain and terms and conditions of employment.

53. The Plaintiffs initial and/or continued employment with Defendant K and N constituted acceptance of and consideration for Defendant's offer for the specific benefit of Defendant K and N on or about February 8, 2010.

54. Defendant K and N breached its contract with the Plaintiff by its own failure to follow its own practices, policies and procedures with regard to the terms and conditions of Plaintiff's employment as set forth herein, and denied the Plaintiff the use of its policies and procedures.

55. As set forth herein, Defendant K and N did not afforded the Plaintiff the use and options of these polices for complaining of discrimination, equal pay and harassment and thus intentionally discriminated, retaliated, willfully and/or maliciously breached its implied and expressed contract, terms and conditions of employment privileges with Plaintiff.

56. Moreover, Defendant K and N expected and/or should have reasonably expected the Plaintiff to rely on the aforementioned policies and procedures as a commitment by Defendant K and N to follow and abide by them, including the for cause and the complaint procedures investigation, responsive actions, ADA and accommodation processes, procedures and policies.

57. At all relevant times, the Plaintiff understood and reasonably relied on the aforementioned policies and procedures to his detriment and harm, both pecuniary and otherwise.

58. As set forth herein, Defendant K and N did not follow the aforementioned employment practices, policies and procedures. Specifically, the Plaintiff was not terminated for cause

12

as alleged by all named Defendants,  Defendant K and N did not investigate whether or not there was Intentional Discrimination, Equal Pay and Harassment as complained by the Plaintiff and that all Defendants did not follow its policies, practices and procedures with regard to the Plaintiffs complaint and the investigation process.

59. Defendant K and N Responsive Action section of their Anti-Harassment Policy concludes that these policies should not, and may not, be used as a basis for excluding or separating individuals of a particular gender, or any other Protected characteristic from participating in business or work-related social activities or discussions in order to Avoid allegations of Harassment.  Further, the policy states that the Law and K and N prohibits desperate treatment on the basis of sex or any other Protected characteristic, with regards to Terms, Conditions, Privileges and prerequisites of Employment.  It concludes that the prohibitions against harassment, discrimination and retaliation are intended to complement and further these policies, not to form the basis of an exception to them.

60. Under section 47-50-109 of the Tennessee Code, a third person will be subject to liability when, by inducement, persuasion, misrepresentation, or other means, the person induces or procures the breach or violation, refusal, or failure to perform any lawful contract by any party.

61. Substantial injustice can only be avoided by enforcing the promises made by Defendant(s) K and N to the Plaintiff.

62. As set forth herein, Defendants K and N and all of the named third party Defendants did not follow the aforementioned employment practices, policies and procedures. Specifically, the Plaintiff was not terminated for cause as alleged by all named Defendants and  Defendant K and N intentionally failed to investigate whether or not there was Intentional Discrimination, retaliation, assault and Harassment as complained by the Plaintiff and that all Defendants did not follow its policies, practices and procedures with regard to the Plaintiffs complaint and the investigation process.

63. As a result of Defendant K and N policies, the Plaintiff, Rodney V Johnson was unjustly and discriminatorily deprived of equal employment opportunities and privileges because of his participation in a Protected activities within the scope and course of his employment.

13

64. As a further result, Defendants and K and N and all of the named third party Defendants in the above stated actions, has deprived the Plaintiff of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his participation in Protected activities.

65. Defendants K and N and all of the named third party Defendants breach of contract was a direct and proximate cause of the injuries, damages and harm suffered by the Plaintiff and as set forth herein.

66. Defendant K and N conduct was willful and wanton, and the Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under the common law.

WHEFORE Plaintiff respectfully request judgment against the Defendants, jointly and severally in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM
## III
## STATUTORY VIOLATIONS

67. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 67.

68. In Tennessee, the appropriate statute of limitation for a claim is determined by the gravamen of the Plaintiffs complaint, which in turn is assessed by the type of injuries claimed and damages sought.

69. The Tennessee Supreme Court expanded the scope of interference claims in Tennessee by recognizing a claim for interference with business relationships, whether contractual or not.

70. The Tennessee Supreme Court stated that the elements of a claim for interference is as follows: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiffs business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business

14

relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from the Tortious interference.

71. The Supreme Court reiterated that "every man has the right of property in his own labor, and the right to work without interference; and whoever intentionally interferes with this right is liable in tort for the damages caused, unless he can show a privilege or justification for such interference." Again the Court's caveat regarding "privilege or justification" made a fact-sensitive inquiry into the actor's motivation and means necessary. *Large v. Dick in 1960 207 Tenn. 664, 343 S.W.2d 693 (1960).*

72. The Court affirmed that "it is well settled that an individual has a property interest in his or her labor and has the right to work without unjustified interference," and that the defendant's motive and means of interference are keys to the question of liability. *Leemis v. Russell, 2000 Tenn. App. LEXIS 348 (W.S. of Court of Appeals, decided May 24, 2000).*

73. Under section 47-50-109 of the Tennessee Code, a third person ( Defendants)  will be subject to liability when, by inducement, persuasion, misrepresentation, or other means, the person induces or procures the breach or violation, refusal, or failure to perform any lawful contract by any party.

74. A corporate director, officer or employee may be held liable for interference with such a contract if "he is acting outside the scope of his authority, acting with malice, or acting to serve his own interests." Id. at 333 (quoting Thomas G. Fisher, Annotation, *Liability of Corporate Direct, Officer or Employee for Tortious Interference with Corporation's Contract with Another,* 72 A.L.R. 4th 492 (1989).

75. The Plaintiffs incorporates Intentional or Reckless Misrepresentation of all the Defendants in this action for intentional or reckless misrepresentation in which it contains four elements: (1) The Defendants intentional misrepresentation of material fact, (2) The Defendants knowledge of the representation's falsity, (3) the Plaintiffs injury caused by reasonable reliance on the representation, and (4) the misrepresentation involves a past or existing fact. *Spectra Plastics, Inc. v. Nashoba Bank, 15 S.W.3d 832, 840-841 (Tenn. Ct. App. 1999).*

15

76. As a further result of all the named Defendants above stated actions, the Plaintiff has been damaged and deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his participation in Protected activities.

WHEFORE Plaintiff respectfully request judgment against the Defendants, jointly and severally in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM

## IV

## Negligent Retention / Supervision

77. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 77.

78. Defendant K. and N and Defendant Werner were put on notice of the pattern and intentional discrimination of Defendants Shaw behavior and allowed him to continue to engage in the illegal misconducts, both personal and intentional discrimination, against the Plaintiff while Defendant K and N and Defendant Werner both ratified said malicious conduct at various levels of authority.

79. Defendants K and N and Defendant Werner fail to investigate the allegation and discrimination complaint of the Plaintiff when he reported Racial and Intentional Discrimination to Defendant Werner about Defendant Shaw.

80. Defendant K and N and Defendant Werner failed to remove Defendant Shaw from his position of authority after it became clear that the Shaw was misusing that authority in a way that poses a danger to others. Defendant K and N and Defendant Werner is liable for not taking appropriate action to address the Plaintiffs complaint while in the scope of his employment.

81. Defendant K and N owed the Plaintiff a common law duty to provide Equal Protection and a safe working environment, provide adequate training in management, hire and retain fit personnel to be free from illegal misconduct and discrimination that has caused

16

the Plaintiff emotional distress and deprivation of employment privileges while violating the Plaintiffs Civil Rights.

82. Defendant K and N and Defendant Werner breached said duty by retaining Defendant Shaw in its employment when they knew or should have known of Shaw's propensities for aggressive behaviors and bullying.  Previous bullying incidents were reported by the Plaintiff, other Managers, office personnel and other employees that were not under Defendant Shaw's supervision that had resulted in termination of employment because of Shaw's discriminatory and tortious interference with employment and business relations.

83. Defendants breach is the cause in fact and proximate cause of Plaintiffs damages.

84. The Plaintiff has been damaged as a result of the Defendant's negligence.

WHEFORE Plaintiff respectfully request judgment against the Defendants, jointly and severally in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

### CLAIM

### V

**Statutory Violations in Intentional Discrimination (Whistle Blowing)**

85. The Defendants have discriminated and violated the Plaintiff Civil Rights and are in direct violation of 42 U.S.C. §§§1981, 1982 and 1983 et seq. Equal rights under the Law, Deprivation of any Rights, privileges, Immunities, Damages in Intentional Discrimination.  The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 85.

86. The Plaintiff reported multiple unsafe working conditions to Defendant K and N and other employees in regards to drain holes, incorrect pallet sizes etc.

87. Pursuant to 29 U.S.C. §651-678 of Federal and State statues, the Defendants are imposed with a duty to provide a safe and healthy work environment and to be free from hazards, Illegal conduct and Intentional Discrimination.

88. Defendants K and N and Defendant Werner breached its duty by not correcting the reported violations and retaining Defendant Shaw in its employment when it knew or should have known from prior discriminatory and bullying allegation by other

employees, other than the Plaintiff, that Defendant Shaw's propensities for Personal Harassment and Intentional Discrimination. This has caused the Plaintiff to be subjected to a Harassing and a Hostile Work environment.

89. The Plaintiff filed a complaint with OSHA regarding the illegal conduct and unsafe working conditions that resulted in injuries to the Plaintiff causing the Defendants to discriminate against the Plaintiff for filing a complaint of discrimination and or retaliation that he had engaged in protected activity and the Defendants knew about that activity, the Defendants subjected the Plaintiff to an adverse action, and the protected activity contributed to the adverse employment actions.

90. The Defendants retaliated against the Plaintiff for participating in protected conduct by terminating the employment privileges and denying the Plaintiff Workers Compensation medical benefits.

91. Defendant K and N and Defendant Werner breach is the cause in fact and proximate cause of Plaintiffs damages.

92. The Plaintiff has been damaged by Defendants negligence.

WHEFORE Plaintiff respectfully request judgment against the Defendants K and N on this count in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM

## VI

## Equal Pay

93. The Defendants have discriminated against the Plaintiff for complaining of equal pay from February 2010 through present. Pursuant to the Equal Pay Act of 1963 and 29 U.S.C. §206(d). The Defendants intentionally discriminated against the Plaintiff during his employment based on or in connection with the Plaintiffs employment to cause harm for reporting illegal conduct and complaining of protected activities during employment. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 93.

18

94. The Plaintiff complained of Equal Pay to Defendants Werner and Defendant Shaw throughout his employment to Defendant Werner who accommodated another (female) co worker in her pay and denied the Plaintiff to receive the same rate of pay until two days prior to his termination. The Plaintiff was held to the same standards of employment while making less than his other coworkers that were making more in pay and were treated worse than those who did not complain of equal pay, inter alia.

95. The Plaintiff complained of Equal Pay to Defendant Shaw and Defendants Werner who also denied a remedy to accommodate the Plaintiffs pay to be equivalent to another Male (Caucasian) rate of pay in regards to race and retaliation, inter alia.

96. The Plaintiff complained of Equal Pay to Defendant Shaw and Defendants Werner who also denied a remedy to accommodate the Plaintiffs pay to be equivalent to other (younger) black Males rate of pay in regards to Age, inter alia.

97. The Defendant K and N and Defendant Werner failed to retro the Plaintiff full amount of compensation due for all work performed prior to and on May 11, 2010.

98. The Plaintiffs partial last paycheck from Defendant K and N for work performed on May 10, 2010 was printed and delivered on June 24, 2010 which would extend the employment relationship between parties until the agreed implied and expressed contract is final upon all payments received. The Defendants are in excess of 30 days of their intentional and willful failure to submit the remainder of all compensations for work performed to the Plaintiff after being put on notice by the Department of Labor.

99. Defendant K and N, Werner and Shaw are not allowed to terminate or discriminate against the Plaintiff for complaining and demanding equal pay. The Defendants discriminated against the Plaintiff rate of pay while other coworkers in the same Inventory department were being paid more than the Plaintiff for, comparable skills, efforts and responsibilities in which the Plaintiff performed similar working conditions.

100. Tennessee Code Annotated 50-2-103 requires payment of employees in private employments (g) states that any employee who leaves or is discharged from employment shall be paid in full all wages or salary earned by such employee no later than the next regular pay day following the date of dismissal or voluntary leaving, or twenty-one (21)

days following the date of discharge or voluntary leaving, whichever occurs last. No employer shall, by any means, secure an exemption from this subsection.

101. Defendant K and N and Defendant Werner breach is the cause in fact and proximate cause of Plaintiffs damages.

102. The Plaintiff has been damaged by Defendants negligence.

WHEFORE Plaintiff respectfully request judgment against the Defendants K and N, Defendant Werner and Defendant Shaw jointly and severally on this count in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

**CLAIM**

**VII**

**Wrongful Termination in Violation of Public Policy and Workplace Discrimination**

103. Defendant K and N, Defendant Werner and Defendant Shaw Wrongfully terminated the Plaintiff on May 11, 2010 in Violation of Public Policy for engaging in Protected Conduct. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 103

104. 42 U.S.C §1985 (3) states that If one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

105. Defendants K and N and Werner Wrongfully terminated the Plaintiff on May 11, 2008 in Violation of Public Policy for engaging in Protected Conduct.

106. The Defendants violated Public Policy after the Plaintiff had reported and complained of Equal Pay, Racial Discrimination, Job assignments, Training and accommodations in regards to his Disability including shift changes while employed with Defendants K and N.

20

107. Defendant K and N and Defendant Werner fail to investigate and remedy the allegations of discrimination complained of by the Plaintiff when he reported Racial and Intentional Discrimination of Defendant Shaw.

108. The Defendant failed to evaluate the Plaintiff during his 90 day probationary period depriving the Plaintiff of any and all due process clauses in Violation of the Plaintiffs U.S. 4th and 14th Amendment Rights.

109. The Defendants alleges and states that the Plaintiff was promoted March 1, 2010 to Inventory Control prior to the Plaintiffs reporting and opposing Intentional Discrimination and Illegal misconduct.

110. The Plaintiff was qualified and performed the requirements of his job at the time of the adverse employment actions.

111. The Defendants intentionally discriminated and discharged the Plaintiff for refusal to participate in or remain silent about illegal.

112. The Defendants engaged in illegal conduct that resulted in damages and the terms, conditions, relationship and privileges of the Plaintiffs employment.

113. The Plaintiff has been adversely damaged by the Defendants unlawful conduct, constructive discharge tactics and fraud to make the Plaintiffs work environment outrageously hostile by creating pretext and false statements in regards to the Plaintiffs work performance and alleged violation of work rules for engaging in Protected Conduct.

114. Defendants' wrongful conduct thereafter violated public policy.

115. The Plaintiff has been damaged as a result of the Defendant's intentional negligence and discrimination.

WHEFORE Plaintiff respectfully request judgment against the Defendants K and N, Werner and Shaw jointly and severally on this count in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM

## VIII

### Statutory Violations in Workers Compensation and Work Related Injuries

116. Defendant Travelers and Defendant K and N has discriminated against the Plaintiff in violation of Tennessee Code Annotated Title 50 of the Workers Compensation Law in its entirety with exclusiveness to the Notice of Injury, Confidentiality of Medical Records, Right to Compensation, GINA and Actions against a third Party that resulted in denial of the Plaintiffs Workers Compensation claims for medical care. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 116.

117. Pursuant to U.S.C. 29 §§651-678 Occupational Safety and Health Act of 1970 the Defendants failed to provide a safe working environment for the Plaintiff from February 8, 2010 through May 11, 2010. The Plaintiff suffered from repeated multiple re-injuries to his back and neck as well as emotional injuries, arousing out of the course of employment and within the scope of employment with Defendant K and N while on his forklift and other work related activities. The Plaintiff reported illegal activities, unlawful conduct and intentional discrimination and OSHA violations to the named Defendants for unsafe safe drain holes and other violations.

118. The Defendants are in Violation of section 11 (c) of the Occupational Safety and Health Act (29 U.S.C. §660 et seq.) and has willfully discriminated against the Plaintiff for exercising his rights under this act.

119. The Defendants intentionally discriminated and retaliated against the Plaintiff in violation of Tennessee Code Annotated 50-6-201(A, B- 1 and 2) and engaged in illegal Discrimination against the Plaintiff after receiving a notice of injury within 30 days of the last date of the injury sustained to the Plaintiff that arouse out of and within the scope and casually connected to the Plaintiffs employment.

120. The Defendants discriminated against the Plaintiff in violation of T.C.A 50-6-202 (2) which clearly state that No defect or Inaccuracy in the notice shall be a bar to compensation and causing the Plaintiffs rights to compensation to be denied.

121. Pursuant to Title 50 of the Tennessee Workers Compensation the Defendants K and N and Defendant Werner discriminated against the Plaintiff on May 12, 2010 for failing to submit all known and reported injuries, disabilities or illnesses to their insurance carrier, Defendant Travelers, on the Tennessee Employer's First Report of Work Injury or Illness (Form C-20) within one (1) working day of knowledge of the Plaintiff injuries and illness by May 13, 2010.

122. Pursuant to Title 50 of the Tennessee Workers Compensation, Defendant Travelers, Upon verbal and written notice of the Plaintiffs injuries and from Defendant K and N, intentionally discriminated and retaliated against the Plaintiff for their failure to make verbal and or written contact with the Plaintiff within two (2) working days to confirm facts of the Plaintiffs claim, history of prior claims, work history, wages, and job duties by May 15, 2010.

123. Pursuant to Title 50 of the Tennessee Workers Compensation the Defendant K and N, Defendant Werner and Defendant Travelers failed to obtain a signed Medical Waiver and Consent Form (Form C-31) from the Plaintiff and retaliated by failing to provide medical services to the Plaintiff within seventy-two (72) hours of the Plaintiffs injuries to confirm details concerning the injury and treatment and to make a preliminary compensability determination by May 18, 2010.

124. The Plaintiff was forced to use his own medical insurance through Cigna Health Care on November 8 and 12, 2010 for his back and neck injuries, after Defendant K and N and Defendant Travelers refused medical care to the Plaintiff and denied the Plaintiff Workers Compensation benefits.  The Plaintiff medical evaluation confirmed staggering new injuries as a result of the repeated accident occurring from as far back as March 21, 2010 and up to May 5 through May 10, 2010 as reported.

125. Pursuant to 28 U.S.C. §§ 2201 and 2202 to declare judgment and confirm that  the factors that are considered to determine whether the Plaintiff is an employee within the meaning of the Workers Compensation Law is that workers' compensation insurance coverage by the employer who pay wages on an hourly, daily, weekly, or monthly basis and employment is indicated if the hiring business withholds taxes and/or provides other employee benefits (Unemployment Insurance, health insurance, pensions, FICA, etc.)

126. The Plaintiff is receiving weekly Unemployment benefits through Defendant K and N.

127. The Plaintiff has continuing health care coverage and benefits through Defendant K and N.

128. The Plaintiffs partial last paycheck from Defendant K and N for work performed on May 10, 2010 was printed and delivered by mail to the Plaintiff on June 24, 2010 which would extend the employee and employer relationship between parties until the agreed contract is final upon all payments received. The Defendants are in excess of 30 days of their intentional and willful failure to submit the remainder of all compensations for work performed on May 11, 2010 to the Plaintiff after being put on notice by the Department of Labor.

129. The Defendants have willfully discriminated against the Plaintiff for all work performed and intentionally withholding the Plaintiffs compensation for the remaining 45 (forty-five) minutes on May 11, 2010 after the Department of Labor contacted them in regards to the Plaintiffs final paycheck again would extend the employee and employer relationship between parties thus making the report of injury within the scope of employment, arouse out of and in the scope of employment until the employment agreement becomes final upon all payments received.

130. The Plaintiff whistle blowing complaint filed against the Defendants to OSHA about the Discrimination, unlawful treatment, unsafe working conditions the Plaintiff was discriminated against in the terms, conditions and privileges of his employment including but not limited to lost promotions, repetitive requests for training, benefits, lost and equal pay raises, derogatory published remarks that lead to repeated defamation and resulting in termination of the Plaintiffs employment.

WHEFORE Plaintiff respectfully request judgment against the All named Defendants jointly and severally on this count in excess of 75, 000.00, that this Court find the All Defendants have engaged in unlawful discriminatory acts and because of the willful misconduct grant and award the Plaintiff since reinstatement is not available, front and back pay, full Workers Compensation benefits through a Mandatory Injunction, open medical, a judgment for all damages allowed by law, including compensatory and punitive damages for

24

defendants willful and wanton misconduct for his cost, fees, post and pre-interest and expenses
of this action, and such other relief as the Court deems just and equitable.

## CLAIM
## IX
### Plaintiffs Previous 2007 EEOC Charge

131. The Plaintiff worked for Defendant K and N in November 2006 contracted through
     Aerotek Staffing Services as a Quality Control Specialist. The Plaintiff incorporates by
     reference all preceding allegations as if fully set forth herein, paragraphs 1 through 131.

132. On or around December 2006 the Plaintiff was promoted to Quality Control Lead for
     exceeding expectation, showing initiative and leadership. During this start up project
     with Defendant K and N and their clients Avaya, the Plaintiff observed a repeated pattern
     of frivolous claims of Sexual Harassments being alleged by an alarming number of
     female employees that had lead to a large number of male employees being terminated
     without due process under the 4th and 14th Amendment.

133. On or around January 2007 the Plaintiff developed an addendum for Defendant K and N
     and presented it to Manager, now current Engineer, Kevin Murphy, concerning the
     amount of frivolous claims involving alleged sexual harassment and an action plan to
     investigate potential frivolous claims and how to detour it. This came a few days after a
     female employee of another temporary agency had threatened the Plaintiffs employment.

134. On or around February 2007 the Plaintiff was terminated after opposing, complaining and
     exercising statutory rights making the Plaintiff a protected member of the class. The
     Plaintiff was intentional discriminated and retaliated against and was not afforded due
     process after speaking with Kevin Murphy a month prior.

135. March 2007 the Plaintiff filed an EEOC charge against Defendant K and N for engaging
     in illegal activity and intentional discrimination while violating the Plaintiffs Civil
     Rights.

## CLAIM

## X

## Violation of Genetic Information

136. The Defendants discriminated against the Plaintiff by denying the Plaintiffs Workers Compensation claim based on pre-existing conditions and genetic information in violation of The Genetic Information Nondiscrimination Act of 2008. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 136.

137. The law forbids discrimination on the basis of genetic information when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoffs, training, fringe benefits, or any other term or condition of employment.

138. The Defendants retaliated by using the Plaintiffs genetic information to make its decision concerning the Plaintiffs claim for Workers Compensation benefits occurring from an injury that arouse out of and in the scope of employment. The Plaintiffs genetic and Disability information did not affect the Plaintiffs ability to work with proper medical attention.

139. The Defendants, including Attorney for the Defendants, Paul Nicks, discriminated against the Plaintiff in violation of the Plaintiffs Civil Rights by using information from the Plaintiffs medical records unrelated to the Plaintiffs reported work related injuries and in violation of Title II of GINA section 206 which prohibits the use of genetic information in making employment decisions, restricts employers and other entities covered by Title II from requesting, requiring or purchasing genetic information, and strictly limits the disclosure of genetic information and 102(d)(3)(B) of the Americans With Disabilities Act (42 U.S.C. 12112(d)(3)(B).

140. The Defendants discriminated and violated the Plaintiffs Civil Rights and in violation of Title II of GINA of 2008 by not acting in good faith when the Plaintiff repeatedly advise counsel for Defendant K and N, Paul Nicks, not to disclosed a designate part of the Plaintiffs medical records and disability via electronic mail transmissions. The Counsel for Defendant K and N, Paul Nicks, arguementively and aggressively refused to remove

26

the confidential and sensitive medical information, in reckless regards, Counsel Paul
Nicks repeatedly sent the medical disclosure via internet in his repeated plies to the
Plaintiff email while other recipients were copied during the Administrative Benefit
Review and published in formats which are and could be searchable and compromised.

141. Medical Waiver and Consent Form (Form C-31) form allows the employer, insurance
carrier, third party administrator, case manager, utilization review agent and Workers
Compensation Division to communicate with the treating physician about the treatment
for the injury ONLY.

142. The Plaintiff complaint about the Defendants Discrimination, unlawful treatment, unsafe
working conditions towards the Plaintiff was discriminatory in the terms, conditions and
privileges of his employment including but not limited to lost promotions, Workers
Compensation benefits, medical treatment, repetitive requests for training, lost and equal
pay raises, derogatory published remarks that lead to defamation and resulting in
termination of the Plaintiffs employment.

143. The Plaintiff respectfully Request Leave to file this claim this portion of the Plaintiffs
complaint under Seal and a Protective Order for it contains sensitive medical information.
WHEFORE Plaintiff respectfully request judgment against the All named Defendants
jointly and severally on this count in excess of 75, 000.00, that this Court find the All
Defendants have engaged in unlawful discriminatory acts and because of the willful
misconduct grant and award the Plaintiff since reinstatement is not available, front and back
pay, a judgment for all damages allowed by law, including compensatory and punitive
damages for defendants willful and wanton misconduct for his cost, fees, post and pre-interest
and expenses of this action, and such other relief as the Court deems just and equitable.

**The Plaintiffs Disabilities Claim and information will be filed Under Seal and a Protective
Order pursuant to Rule 5.2 of the Federal Rules of Civil Procedures.**

## CLAIM

## XI

## LOST OF PROPERTY INTEREST UNDER 42 U.S.C. § 1983

144. The Plaintiff incorporates by references as though fully set forth herein each and every previous allegation in paragraphs 1 through 144.

145. The actions described above deprived the Plaintiff of his property interest in his labor, employment agreement, his legitimate expectation of continued employment and his legitimate expectation that he would receive other contractual expectations. This includes but not limited to, timely and accurate reviews and assistance, guidance and support, participation in training as afforded to other employees, equal pay, which constitute malicious prosecution all in violation of the Plaintiffs Rights to Equal Protection and Due Process under 42 U.S.C.§ §1981-1983.

146. Because of the deprivation of his Civil Rights, the Plaintiff has sustained economic, punitive and compensatory damages and is entitled to recover lost wages and benefits, including future lost wages and benefits, pecuniary and compensatory losses, eminent loss of his property (house, car and insurance) and maintenance due to loss of income.

147. The Plaintiff has a property interest in his own labor and has the right to work without unjustified interference and that Defendant K and N and third party Defendants improper motives and means of interference are keys to the question of liability.

148. Pursuant to 42 U.S.C. §§1981-1983 respectfully, the Plaintiff is entitled to recovery for damages.

149. The Defendants were acting under the color of law at the time of the aforementioned actions.

WHEFORE Plaintiff respectfully request judgment against the Defendants, jointly and severally in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM

## XII

## LOSS OF LIBERTY OF INTEREST UNDER 42 U.S.C. §1983

150. The Plaintiff incorporates by references as though fully set forth herein each and every previous allegation in this complaint and paragraphs 1 through 150.

1: The actions of all the named Defendants described above has deprived the Plaintiff of his liberty interest in his reputation, good name and the ability to pursue his career with another department and location with Defendant K and N and under supervision of a Non-Discriminatory Manager and employment of choice, constitutes malicious prosecution in Violation of the Plaintiffs Rights to Due Process and Equal Protection

151. The Defendants actions and procurement of the Plaintiffs termination constitutes malicious prosecution in Violation of the Plaintiffs Rights to Due Process and Equal Protection under 42 U.S.C. §§1983.

152. Because of the deprivation of his Civil Rights, the Plaintiff has sustained economic, punitive and compensatory damages and is entitled to recover lost wages and benefits, including future lost wages and benefits, pecuniary and compensatory losses Pursuant to 42 U.S.C. §1983 respectfully.

153. Pursuant to 42 U.S.C. §1983 respectfully, the Plaintiff is entitled to recovery for damages.

154. The Defendants were acting under the color of law at the time of the aforementioned actions.

WHEFORE Plaintiff respectfully request judgment against the Defendants, jointly and severally in excess of 75, 000.00, for his cost, and such other relief as the Court deems just and equitable.

## CLAIM
## XIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

155. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 155.

156. The Defendants intentionally and or recklessly inflicted emotionally distress on the Plaintiff through its agents and employees, including but not limited to, Defendant Shaw and Defendant Werner actions, inter alia, of intentional deprivation of training, pay, promotions, derogatory, false and published comments about the Plaintiffs level of comprehension from March 2010 to present and conduct affecting the terms, conditions and privileges of the Plaintiffs employment.

157. Defendant Trane owed the Plaintiff a duty to refrain the named third party Defendants from engaging in the reported illegal and unlawful misconduct and intentional discrimination that caused the Plaintiff emotional distress.

158. All of the named Defendants breached that duty by knowingly and engaging in illegal discriminatory misconduct that has severely inflicted emotional distress on the Plaintiff.

159. Any and All Defendants having knowledge that any of the wrongs conspired to be done, are about to be committed, aid and abetting to such illegal acts and wrongs, and having power to prevent or aid in preventing the aforementioned illegal acts of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the injured Plaintiff, or his legal representatives, for all damages caused by such illegal and discriminatory wrongful acts, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such illegal and discriminatory wrongful neglect or refusal may be joined instantly as Defendants in this cause of action.

160. The Defendants treatment of the Plaintiff is and was so extreme and outrageous causing the Plaintiff to seek psychiatric medical and is currently under the care of health care professionals.

161. The Defendants conduct has gone beyond all possible bounds of decency, respect for the Plaintiffs Disabilities and is atrocious and utterly intolerable in this society.

WHEFORE Plaintiff respectfully request judgment against the All named Defendants jointly and severally on this count in excess of 75, 000.00, that this Court find the All Defendants have engaged in unlawful discriminatory acts and because of the willful misconduct grant and award the Plaintiff since reinstatement is not available, front and back pay, a judgment for all damages allowed by law, including compensatory and punitive damages for defendants willful and wanton misconduct for his cost, fees, post and pre-interest and expenses of this action,  and such other relief as the Court deems just and equitable.

## CLAIM
## XIV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

162. The Plaintiff incorporates by reference all preceding allegations as if fully set forth herein, paragraphs 1 through 162.

163. The Defendants owed the Plaintiff a duty to refrain Defendant Shaw from the reported illegal and unlawful misconduct and intentional discrimination that would cause the Plaintiff emotional distress resulting from Defendant Shaw work related behaviors.

164. All of the Defendants breached that duty by knowingly and engaging in illegal discriminatory misconduct that has severely inflicted emotional distress on the Plaintiff.

165. All of the named Defendants  having knowledge that any of the wrongs conspired to be done, are about to be committed, aid and abetting to such illegal acts and wrongs, and having power to prevent or aid in preventing the aforementioned illegal acts of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the injured Plaintiff, or his legal representatives, for all damages caused by such illegal and discriminatory wrongful acts, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such illegal and discriminatory wrongful neglect or refusal may be joined instantly as Defendants in this cause of action.

31

166. The Defendants repeated illegal discrimination and unlawful misconduct and the procurement and tortious interference of the Plaintiffs employment relationship was the actual cause and proximate cause of the Plaintiffs injuries including the resulting in continuing physical and psychiatric treatment and is currently under the care of health care professionals.

WHEFORE Plaintiff respectfully request damages and judgment against the All named Defendants jointly and severally on this count in excess of 75,000.00. Plaintiff Rodney V Johnson requests judgment and damages against all named Defendants for a declaratory judgment that Defendants have violated Mr. Johnson right to be free from discrimination in and outside the workplace pursuant to the above mentioned causes. Enter an injunction ordering Defendant K and N to make Plaintiff whole and that this Court find the All Defendants have engaged in illegal and unlawful discriminatory acts and because of the willful misconduct grant and award the Plaintiff since reinstatement is not available, front and back pay, a judgment for all damages allowed by law, including compensatory and punitive damages for defendants willful, , wanton and illegal misconduct for his cost, fees, post and pre-interest and expenses of this action. An award to Mr. Johnson for exemplary and/or punitive damages in an amount to be shown at trial and the Common law of Tennessee, caused injuries, damages and harm to Mr. Rodney V Johnson, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish. An award to Mr. Johnson of interest on any awards at the highest rate allowed by law, impairment in the quality of life; and consequential losses and such other relief as the Court deems just and equitable.

Respectfully submitted,

Rodney V Johnson
1176 Elder Rd.
Memphis TN 38109
901-251-0190
Rjohnson901@hotmail.com

32

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been issued to the undersigned as their names appear within on March 22, 2011 Russell W. Jackson of Ogletree Deakins at International Place Tower II 6410 Poplar Ave Ste. 300, Memphis TN (attorney for K and N) and Jeff Werner, Jeff Shaw, James Bolton and Cynthia Harris of 4080 Executive Dr. #200 Southaven MS 38672. Paul Nicks 6750 Poplar Ave. Suite 412 Germantown TN 38138 (attorney for Travelers Insurance).

Rodney V Johnson

IN THE    CIRCUIT    COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## UNIFORM CIVIL AFFIDAVIT OF INDIGENCY

In the ___CIRCUIT___ Court of Shelby County,                    Docket Number: *CT 001370-11*

RODNEY V JOHNSON                              VS. KUEHNE & NAGEL, TRAVELERS INSURANCE AND EMPLOYEES

I, RODNEY V JOHNSON                                    having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the expenses of this case and that I am justly entitled to the relief sought to the best of my belief. The following facts support my poverty.

1. Full Name *(first, middle, last)*: RODNEY VERNELL JOHNSON

2. Address: 1176 ELDER RD

3. Telephone Number *(area code + 7 digits)*: +1 (901) 289-8251   4. Date of Birth *(MM/DD/YY)*: Aug 26, 1966

5. Names and ages of all dependents *(use additional sheets as necessary)*:
   (Name)                                          (Age)   (Relationship)
   N/A

6. (a). I am employed by: N/A

   (b). My employer's address is: N/A

   (c). My employer's telephone number is: _____ Extension: _____

7. My present income, after federal income and social security taxes are deducted, is

   $0.00                          ○ per week  ● per month

8. I receive, or expect to receive, money from the following sources:

   (a). AFDC:          _____  per month beginning _____

   (b). SSI:           _____  per month beginning _____

   (c). Retirement:    _____  per month beginning _____

   (d). Disability:    _____  per month beginning _____

   (e). Unemployment:  $195.00          per month beginning Mar 24, 2011 *ending*

   (f). Worker's Comp: _____  per month beginning _____

   (g). Other:         _____  per month beginning _____

9.     My expenses are:

  (a). Rent/house payment: $504.00 per month

  (b). Groceries: $200.00 per month

  (c). Electricity: $180.00 per month

  (d). Water: $25.00 per month

  (e). Gas: $100.00 per month

  (f). Transportation: $150.00 per month

  (g). Medical/Dental: $30.00 per month

  (h). Telephone: $131.00 per month

  (i). School Supplies: per month

  (j). Clothing: $50.00 per month

  (k). Child Care/
  Court-ordered Child Support: per month

10.    Assets:

  (a). Automobile: $4,500.00 *(Fair market value)*

  (b). Checking/Savings Acct.:

  (c). House: 48,000 *(Fair market value)*

  (d). Other:

11.    My debts are:

*(Amount owed)* *(To Whom)*

$2,500.00 CITY OF MEMPHIS PROPERTY TAX

I hereby declare, under the penalty of perjury, that the foregoing answers are true, correct and complete and that I am financially unable to pay the costs of this action.

_Rodney V Johnson_
Plaintiff (Signature)

Sworn and subscribed before me this __22__ day of __March__, 20__11__

My Commission expires:

Notary Public / D.C.

**IN THE   CIRCUIT   COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## ORDER ALLOWING FILING ON PAUPER'S OATH

It appears, based on the Affidavit of Indigency filed in this cause and after due inquiry made, that the Plaintiff is an indigent person and is qualified to file in this case on a pauper's oath.

It is so ordered this the _22nd_ day of _March_ 20_11_

_____
Judge

## DETERMINATION OF NONINDIGENCY

It appearing, based upon the Affidavit of Indigency filed in this cause and after due inquiry made, that the Plaintiff is not an indigent person because _____

IT IS ORDERED AND ADJUDGED that the Plaintiff does not qualify for filing this case on a pauper's oath.

This the _____ day of _____, 20_____

_____
Judge

NOTICE: If the Judge determines that based upon your affidavit you are not eligible to proceed under a pauper's oath, you have the right to a hearing before the Judge.

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

International Place Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone: 901.767.6160
Facsimile: 901.767.7411
www.ogletreedeakins.com

Russell W. Jackson, Esq.
russell.jackson@ogletreedeakins.com

January 24, 2011

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Mr. Rodney V. Johnson
1176 Elder Rd.
Memphis, TN 38109

Re:     Kuehne + Nagel Inc.

Dear Mr. Johnson:

Our firm represents Kuehne + Nagel Inc. with respect to the EEOC Charge of Discrimination that you recently filed against the Company. I am contacting you with the understanding that you are not represented by counsel. In the event that you do have an attorney, please forward this letter to your attorney and ask that person to contact me directly.

The purpose of this letter is to advise you that, because Kuehne + Nagel Inc. is represented by legal counsel, you are not to make contact with any member of the Company's management team. Should you wish to make future contact with Kuehne + Nagel Inc. or any of its employees regarding your allegations, please direct the communications to me at the above address and phone number.

Sincerely,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Russell W. Jackson

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Greensboro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City
Los Angeles ▪ Memphis ▪ Miami ▪ Morristown ▪ Nashville ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ San Antonio ▪ San Francisco ▪ St. Louis ▪ St. Thomas ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington