```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| RODNEY JOHNSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 11-2317-STA/cgc |
| KUEHNE & NAGEL, INC., et al., | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT
(DOCKET ENTRY 34)
ORDER DIRECTING CLERK TO STRIKE SECOND AMENDED COMPLAINT
(DOCKET ENTRY 32)
ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT
(DOCKET ENTRY 33)
ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM
(DOCKET ENTRY 38)
ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS
(DOCKET ENTRY 39)
AND
ORDER PROHIBITING PLAINTIFF FROM FILING FURTHER PLEADINGS UNTIL
THE COURT HAS RULED ON THE PENDING MOTIONS TO DISMISS

On May 17, 2011, Plaintiff Rodney Johnson filed a motion to amend his complaint. (Docket Entry ("D.E.") 6.) By order entered September 22, 2011, the motion was granted. (D.E. 25.) Plaintiff's amended complaint was attached as exhibit A to the motion to amend. (D.E. 6-1.)

On October 28, 2011, Plaintiff filed a second amended complaint. (D.E. 32.) On November 7, 2011, Plaintiff filed a motion to amend his complaint. (D.E. 33.) On November 14, 2011, Defendants filed a motion to strike the second amended complaint. (D.E. 34.)

Plaintiff responded to the motion to strike on November 17, 2011. (D.E. 36.)

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff was not entitled to file a second amended complaint without leave of court or the opposing parties' consent. See Nicholson v. City of Westlake, 20 Fed. Appx. 400, 402 (6th Cir. 2001)(affirming district court's decision to strike plaintiff's amended complaint for failure to comply with Fed. R. Civ. P. 15(a)). Defendant's motion to strike Plaintiff's second amended complaint (D.E. 34) is GRANTED. The Clerk is directed to strike Plaintiff's second amended complaint (D.E. 32) from the docket. Furthermore, Plaintiff's late-filed motion for leave to amend his complaint is nonsensical and is DENIED. (D.E. 33.)

On December 1, 2011, Plaintiff filed a motion for leave to file a supplemental memorandum of law in support of his opposition to Defendants' motions to dismiss and a motion for leave to file supplemental exhibits. (D.E. 38, D.E. 39.) Plaintiff's motions are

an obvious attempt to supply additional facts and exhibits that are not properly in the record before the Court. Plaintiff's amended complaint (D.E. 6-1) provides all factual allegations and legal bases that must withstand Defendants' motions to dismiss. No exhibits were attached to the amended complaint. Plaintiff's motions to supplement (D.E. 38, D.E. 39) are DENIE

       IT IS SO ORDERED this 26th day of March, 2012.

                             **s/ S. Thomas Anderson**
                             S. THOMAS ANDERSON
                             UNITED STATES DISTRICT JUDGE