IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| RODNEY V. JOHNSON, | ✗ | |
| | ✗ | |
| Plaintiff, | ✗ | |
| | ✗ | |
| vs. | ✗ | No. 11-cv-02317-STA-cgc |
| | ✗ | |
| KUEHNE & NAGEL INC, et al., | ✗ | |
| | ✗ | |
| Defendants. | ✗ | |
| | ✗ | |

---

ORDER GRANTING DEFENDANT TRAVELERS' MOTIONS TO DISMISS
(DOCKET ENTRIES 10 & 28)
ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT TRAVELERS
ORDER PARTIALLY GRANTING MOTIONS TO DISMISS FILED BY
DEFENDANTS K+N, SHAW, WERNER, BOLTON, AND HARRIS
(DOCKET ENTRIES 9 & 27)
AND
ORDER REMANDING STATE LAW CLAIMS AGAINST DEFENDANTS
K+N, SHAW, WERNER, BOLTON, AND HARRIS TO STATE COURT

---

On March 22, 2011, Plaintiff Rodney V. Johnson filed a pro se complaint in the Circuit Court of Shelby County, Tennessee, against Defendants Kuehne + Nagel Inc. ("K+N"),[1] Travelers Property Casualty Company of America ("Travelers"), Jeffrey Shaw, Jeffrey Werner, James Bolton, and Cynthia Harris. (Docket Entry ("D.E.") 1-1.) The complaint alleged multiple causes of action against Defendants. (D.E. 1-1 at 1-37.) On April 25, 2011, Defendant Travelers filed a notice

---

[1] Plaintiff named this Defendant as Kuehne & Nagel Inc. in the state court complaint.

of removal pursuant to 28 U.S.C. § 1446(a), requesting this Court to exercise jurisdiction over Johnson's claims. (D.E. 1.)

On June 6, 2011, Defendants K+N, James Bolton, Cynthia Harris, Jeff Shaw, and Jeff Werner filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 9.) On June 10, 2011, Defendant Travelers filed a motion to dismiss. (D.E. 10.) On June 24, 2011, Johnson filed a response to the motions to dismiss. (D.E. 13.)

On September 22, 2011, Plaintiff was granted permission to amend his complaint with the amended complaint attached as Exhibit A to his motion to amend. (D.E. 25.) The Court's order directed the Clerk to docket the amended complaint as a separate docket entry, but the Clerk failed to do so. (Id. at 2.) The amended complaint is found at docket entry 6-1. (D.E. 6-1.)

On October 4, 2011, Defendants K+N, James Bolton, Cynthia Harris, Jeff Shaw, and Jeff Werner filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On October 7, 2011, Defendant Travelers filed a motion to dismiss the amended complaint. Plaintiff responded to the motions to dismiss on October 14, 2011. (D.E. 29.)

The standard for assessing a Rule 12(b)(6) motion is as follows:

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A. 7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), <u>see, e.g.</u>, <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1(2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (footnote omitted). The United States Supreme Court explained that the notice pleading rules do not eliminate a plaintiff's obligation to set forth some factual basis for her claims:

> While, for most types of cases, the Federal Rules [of Civil Procedure] eliminated the cumbersome requirement that a claimant "set out <u>in detail</u> the facts upon which he bases his claim," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

<u>Id.</u> at 556 n.3, 127 S. Ct. at 1965.

<u>Twombly</u> was an antitrust case and, after the issuance of that decision, some courts assumed that the requirement that a litigant

plead the factual basis for his claims was applicable primarily to complex litigation.[2] However, the Supreme Court recently extended the principles stated in <u>Twombly</u> to a civil rights claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). In <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court observed that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1950. Applying those standards, the Supreme Court held that the plaintiff had not adequately alleged that the moving

---

[2]     See, e.g., <u>United States ex rel. Snapp v. Ford Motor Co.</u>, 532 F.3d 496, 502-03 n.6 (6th Cir. 2008); <u>Sensations, Inc. v. City of Grand Rapids</u>, 526 F.3d 291, 295-96 & n.1 (6th Cir. 2008), <u>reh'g & reh'g en banc denied</u> (Aug. 14, 2008). In so holding, the Sixth Circuit was attempting to reconcile <u>Twombly</u> with <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam), which was decided two weeks after <u>Twombly</u>. In <u>Erickson</u>, the Supreme Court vacated the dismissal of a lawsuit brought by a prisoner suffering from hepatitis C who alleged that he had received inadequate medical treatment when he was terminated from a treatment program. 551 U.S. at 89-90, 127 S. Ct. at 2197-98. The district court dismissed the complaint for failure to state a claim, and the Tenth Circuit Court of Appeals affirmed, holding that the prisoner's allegations of injury were conclusory. <u>Id.</u> at 92-93, 127 S. Ct. at 2199. The Supreme Court observed that this "holding departs in so stark a manner from the pleading standard mandated by the Federal Rules of Civil Procedure that we grant review." <u>Id.</u> at 90, 127 S. Ct. at 2198. The prisoner had alleged "that he had hepatitis C, that he met the Department's standards for treatment of the disease, and that 'furtherance of this disease can cause irreversible damage to [his] liver and possible death.'" <u>Id.</u> at 91-92, 127 S. Ct. at 2198-99; <u>see also</u> <u>id.</u> at 94, 127 S. Ct. at 2200. In holding that the prisoner's allegations of harm were sufficient to satisfy Rule 8(a)(2), the Supreme Court emphasized the liberal pleading standard of Fed. R. Civ. P. 8(a)(2) and the plaintiff's <u>pro se</u> status. <u>Id.</u> at 93-94, 127 S. Ct. at 2200. The Supreme Court also noted that it was not deciding that the prisoner's case was sufficient in all respects to survive a motion to dismiss but, rather, only that the allegations of injury were sufficient to satisfy Rule 8(a)(2). <u>Id.</u> at 93, 94, 127 S. Ct. at 2199-2200.

defendants had purposely discriminated against him on the basis of his religion. Id. at 1950-52.

Johnson's status as a pro se litigant does not absolve him from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)(per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), reh'g denied (Jan. 19, 1990); see also Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *2 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings, it is also not the role of the court to speculate about the nature of the claims asserted." (citation omitted)); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal

arguments for him."); <u>United States v. Kraljevich</u>, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to <u>pro</u> <u>se</u> litigants.").

Plaintiff's amended complaint is hard to decipher. He appeared to allege that Defendants have violated the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff <u>et</u> <u>seq.</u>, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u>, the Equal Pay Act ("EPA") 29 U.S.C. § 206(d), Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101-89, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 <u>et</u> <u>seq.</u>, the Occupational Safety and Health Act ("OSHA"), the Health Insurance Portability and Accountability Act ("HIPPA"), 42 U.S.C. §§ 300gg <u>et</u> <u>seq.</u>, 42 U.S.C. § 1981, and the Fourth and Fourteenth Amendments of the United States Constitution.  Plaintiff also alleges Defendants violated Tennessee state law governing promissory estoppel, tortious interference with employment, wrongful discharge, wrongful termination in violation of public policy, libel, slander, defamation, negligent retention, negligent supervision, breach of contract, intentional or reckless misrepresentation, intentional infliction of emotional distress, and Tennessee Workers' Compensation.

All Defendants contend in the Rule 12(b)(6) motions (D.E. 9, 10, 27, & 28) that Plaintiff's amended complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

Plaintiff responds to the motion in agreement that no claims under Title VII may be or are asserted against the individual

Defendants. (Id. at 7.) Plaintiff states that his complaint and amended complaint did not allege any claims under Title VII, GINA, or the ADA against Defendant K+N because he had not completely exhausted his administrative remedies at the time he filed his complaint and amended complaint. (Id. at 6, 12.) Plaintiff clarifies that he did not intend to state a claim for a violation of OSHA. (Id. at 10.) Plaintiff contends that he did not allege the Defendants acted under color of state law or attempt to state a claim under the Fourth or Fourteenth Amendments. (Id. at 8.) Plaintiff states that he did not allege a violation of Tenn. Code Ann. § 50-2-103. (Id.) Plaintiff also responds that he did not allege any violation of Tennessee Workers' Compensation Law because his lawsuit for workers' compensation benefits is pending in Shelby County Chancery Court. (Id. at 9.)

Based on Plaintiff's clarifications, any perceived or potential claims under OSHA, the Fourth and Fourteenth Amendments, Tenn. Code Ann. § 50-2-103, and Tennessee Workers' Compensation Act are DISMISSED. Plaintiff's unexhausted claims under Title VII, GINA, and the ADA are dismissed without prejudice.

The claims remaining are Plaintiff's claims under the EPA, HIPPA, 42 U.S.C. § 1981, and state law claims for promissory estoppel, tortious interference with employment, wrongful discharge, wrongful termination, libel, slander, defamation, negligent retention, negligent supervision, breach of contract, intentional or reckless misrepresentation, and intentional infliction of emotional distress.

<u>Claims Against Defendant Travelers</u>

Plaintiff has responded to Defendant Travelers motions to dismiss that his "employment claims does [sic] not necessarily applied [sic]

7

to Defendant Travelers, however, the portions identified is [sic] applicable to this suit." (D.E. 29-1 at 2.) Plaintiff also admits that he has filed a separate action for workers' compensation benefits in Shelby County Chancery Court. (Id.)

The amended complaint's allegations pertaining to Defendant Travelers are found in paragraphs 106-109 (D.E. 6-1 at 18) and paragraphs 117-121. (D.E. 6-1 at 20-21.) Plaintiff characterizes Defendant Travelers' denial of his workers' compensation claim as discrimination and retaliation. (D.E. 6-1 at 18.) Plaintiff also complains about Defendant Travelers' use of medical records in denying his workers' compensation claim. (D.E. 6-1 at 20-21.) All allegations of action by Defendant Travelers arise from Travelers' conduct during the processing, denial, and litigation of Plaintiff's claim for workers' compensation benefits.

Plaintiff Johnson is not entitled to file multiple lawsuits against Defendant Travelers to present claims, issues, and defenses which relate to and arise from his Shelby County Chancery Court workers' compensation case. Serial litigation is simply not permitted. Johnson must raise those issues in that lawsuit rather than by initiating new lawsuits. If the workers' compensation case has concluded, Plaintiff has already had the opportunity to present these claims in that first filed lawsuit. Plaintiff's claims against Defendant Travelers arise from his claim for workers' compensation benefits. Defendant Travelers' motions to dismiss (D.E. 10 & 28) are GRANTED and the claims are DISMISSED. The Clerk shall enter judgment for Defendant Travelers.

<u>Claims under the EPA</u>

Plaintiff alleges that he complained of "Equal Pay to Defendants Werner and Defendant Shaw throughout his employment to Defendant Werner who accommodated another (female) coworker in her pay and denied the Plaintiff to receive the same rate of pay until two days prior to his termination." (D.E. 6-1 at 14.) He alleges that he was "held to the same standards of employment while making less than his other coworkers that were making more in pay," including other black males. (Id. at 14-15.)

The EPA "prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work." Beck-Wilson v. Principi, 441 F.3d 353, 359 (6th Cir. 2006). To state a claim for a violation of the EPA, Plaintiff must allege that K+N paid different wages to employees of the opposite sexes for equal work. Id.

The amended complaint does not describe the work performed by Plaintiff or by his coworkers. Plaintiff alleges that he "has over 24 years of Logistics, inventory and distribution experience" (D.E. 6-1 at 3), but fails to allege his particular job with K+N, the requirements of the job, or his particular qualifications for the job. The conclusory allegation that Plaintiff "was held to the same standards of employment" fails to demonstrate that wages differed for "equal work." Further, Plaintiff alleges that both male and female workers made more money than him. His allegations are insufficient to demonstrate a violation of the EPA. Defendants' motions to dismiss Plaintiff's EPA claim are GRANTED.

## Claims under the ADEA

Plaintiff alleges that "(younger) black Males" received a higher rate of pay. (D.E. 6-1 at 15.) He states that "other coworkers in the same Inventory department were being paid more than the Plaintiff for comparable skills, efforts and responsibilities in which the Plaintiff performed similar working conditions." (D.E. 6-1 at 15.)

The ADEA prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, Plaintiff must establish: (1) he was a member of the protected class, meaning he was at least 40 years old; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a substantially younger individual. Skelton v. Sara Lee Corp., 249 Fed. Appx. 450, 456 (6th Cir. 2007); Hedrick v. Western Reserve Care System, 355 F.3d 222, 459-60 (6th Cir. 2004); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir. 1982).

Plaintiff alleges that he is forty-four (44) years old. However, in addition to the deficiencies noted above, Plaintiff's lack of allegations about his position and job requirements with K+N, he has failed to allege the ages of the "younger" black males. Furthermore, he does not allege that he was replaced by a substantially younger individual. Plaintiff's conclusory allegations are devoid of the necessary facts to support a claim under the ADEA. Defendants' motions to dismiss Plaintiff's ADEA claims are GRANTED.

## Claims under HIPPA

In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160, 164. HIPPA regulations do not confer a private right of action on an individual. Plaintiff's only redress for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, which has the discretion to investigate the complaint and impose sanctions, both civil and criminal. See 45 C.F.R.§ 160.306. For these reasons, Plaintiff may not attempt to enforce HIPAA privately, and Defendants' motions to dismiss Plaintiff's HIPPA claim are GRANTED.

<u>Claims under 42 U.S.C. § 1981</u>

The amended complaint is also brought under 42 U.S.C. §§ 1981, for intentional discrimination. Under 42 U.S.C. § 1981,

> all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Plaintiff presumably contends that his right to contract for work has been impaired because of his race.

"[T]o prevail on a section 1981 claim, a litigant must prove intentional discrimination on the basis of race." <u>Chapman v. Higbee Co.</u>, 319 F.3d 825, 832-33 (6th Cir. 2003) (en banc). Plaintiff refers to illegal conduct of Defendant Shaw throughout the amended complaint but never states what Shaw did. The amended complaint contains no

facts to support a claim that any action by Shaw was taken based on Plaintiff's race. Plaintiff alleges that Defendants failed to "investigate whether or not there was Intentional Discrimination." (D.E. 6-1 at 10.) The amended complaint also fails to allege that the failure to investigate or any action taken by Defendants was based on Plaintiff's race. For the reasons previously stated, the complaint contains only conclusory allegations of discrimination. A bare assertion of a discriminatory purpose is insufficient to state a § 1981 claim. <u>Grinter v. Knight</u>, 532 F.3d 567, 577 (6th Cir. 2008); <u>Page v. City of Monroe</u>, 24 F. App'x 249, 251 (6th Cir. 2001); <u>Freeman v. Helldoerfer</u>, No. 99-3519, 2000 WL 125885, at *2 (6th Cir. Jan. 28, 2000); <u>see also</u> <u>Brooks v. American Broadcasting Cos.</u>, 932 F.2d 495 (6th Cir. 1991). Therefore, the complaint fails to state a claim under 42 U.S.C. § 1981. Defendants' motions to dismiss Plaintiff's claims under § 1981 are GRANTED.

<u>State Law Claims</u>

The only remaining claims are state law claims against Defendants K+N, Shaw, Werner, Bolton, and Harris. In a "civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related to [the original jurisdiction claims] that they form part of the same case or controversy..." 28 U.S.C. 1367(a). The district court may decline to exercise this supplemental jurisdiction if the court has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c). Because all federal claims have been dismissed, pursuant to 28 U.S.C. § 1447(c), the Court hereby REMANDS the state law claims to Shelby County Circuit Court. The Clerk is directed to

mail a certified copy of this order to the Shelby County Circuit Court Clerk.

IT IS SO ORDERED this 26th day of March, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE